**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 09-5218**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KALI ELOI ROBINSON,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:09-cr-00035-D-1)

―――――――――

Submitted:  December 1, 2010      Decided:  April 11, 2011

―――――――――

Before KING, GREGORY, and AGEE, Circuit Judges.

―――――――――

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

―――――――――

Mitchell G. Styers, BANZETT, THOMPSON & STYERS, PLLC, Warrenton,
North Carolina, for Appellant.   George Edward Bell Holding,
United States Attorney, Jennifer P. May-Parker, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kali Eloi Robinson pleaded guilty, pursuant to a written plea agreement, to two counts of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(a), (d) (2006) and 18 U.S.C. § 2 (2006); and one count of brandishing a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2010) and 18 U.S.C. § 2. The district court sentenced Robinson to a total of 162 months of imprisonment, and Robinson now appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is procedurally unreasonable because Robinson was assigned to criminal history category III. Counsel concedes, however, that this issue appears to be precluded by Robinson's plea waiver and states that he is "unable to identify any meritorious issues for review not covered by [the] appeal waiver contained in [Robinson's] plea memorandum." Despite being informed of his right to do so, Robinson has not filed a pro se supplemental brief.

The Government has filed a motion to dismiss the appeal of Robinson's sentence based on the appellate waiver in the plea agreement, which Robinson, through counsel, opposes as premature. For the reasons that follow, we dismiss the appeal of Robinson's sentence and affirm his conviction.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Robinson knowingly and intelligently entered into the plea agreement and waived his right to appeal his sentence.

3

Accordingly, we grant the Government's motion to dismiss the appeal of Robinson's sentence. Although Robinson's plea waiver does not preclude a direct appeal of his conviction, we have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. We therefore affirm Robinson's conviction.

This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4